**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FRANCO ENRIQUE BACCIARINI NUNEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2195-KC** |
| | § | |
| **WARDEN, ERO EL PASO CAMP EAST MONTANA, et al.** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Franco Enrique Bacciarini Nunez's Petition for a Writ of Habeas Corpus, ECF No. 1. Bacciarini Nunez is a citizen of Chile and is being held in immigration detention at Camp East Montana in El Paso, Texas. *Id.* at 1, ¶16. He argues that his detention without an individualized custody determination is unlawful on statutory and constitutional due process grounds and asks the Court to order his release or a bond hearing. *Id.* at 13–30.

Bacciarini Nunez alleges that he entered the United States in 2001 when he was five years old, without admission or parole. *Id.* ¶ 19. On February 15, 2025, he was granted employment authorization. *Id.* ¶ 21. On February 4, 2026, Bacciarini Nunez was placed in removal proceedings. *Id.* ¶ 22. On August 11, 2026, he was arrested by Immigration and Customs Enforcement officer and taken into immigration custody. *Id.* ¶ 16. He has not been issued a final order of removal. *See* Resp. 10, ECF No. 3. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Bacciarini Nunez's] case appears materially indistinguishable from several others in which this Court has found a procedural due process

violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)." Show Cause Order 3–4. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Bacciarini Nunez's case warrant a different outcome." *Id.* at 4.

On September 1, 2026, Respondents filed their Response, in which they argue that Bacciarini Nunez's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Resp. 1. Respondents also argue that the en banc Fifth Circuit's issuance of a stay of three district courts' judgments, which had each ordered the release of immigration habeas petitioners held under 8 U.S.C. § 1225(b)(2)(A), on due process grounds, *Sosnava Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 2104747 (5th Cir. July 21, 2026), bars this Court from considering Bacciarini Nunez's procedural due process claim. Resp. 1–7.

To the extent Bacciarini Nunez challenges his detention on statutory grounds, the *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Bacciarini Nunez's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at

*3 (W.D. Tex. Feb. 20, 2026) (collecting cases). As to Respondents' latter argument that *Sosnava Rodriguez* bars consideration of Bacciarini Nunez's claim, Resp. 1–7, the Court rejects those arguments for the reasons stated in its Show Cause Order.[1] *See* Show Cause Order 1–3.

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–31, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88. Because Respondents have not identified any material differences between Bacciarini Nunez's case and this Court's prior decisions, and neither *Buenrostro-Mendez* nor the stay order in *Sosnava Rodriguez* bar consideration of Bacciarini Nunez's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to

[1] Respondents also argue that the stay order entered in *Tolentino-Rodriguez v. Blanche* clarifies that *Sosnava Rodriguez* applies to "all cases in the Fifth Circuit cases [sic] involving habeas litigation surrounding mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and due process concerns." Resp. 6–7; *see also* Order, *Tolentino-Rodriguez v. Blanche,* No. 26-20424 (5th Cir. Aug. 27, 2026), ECF No. 32-1. But the order in *Tolentino-Rodriguez*, as in *Sosnava Rodriguez*, offers no explanation for its order staying the proceedings. If anything, the stay of the district courts' judgments in *Tolentino-Rodriguez* further undermines Respondents' argument that the *Sosnava Rodriguez* court intended to stay all immigration habeas proceedings throughout the Fifth Circuit. It shows, instead, that such stays must be requested and adjudicated ad hoc considering the particular circumstances of each case.

[2] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 9–10, and therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Bacciarini Nunez's Petition is **GRANTED IN PART** on procedural due process grounds.[3]

The Court **ORDERS** that, **on or before September 11, 2026**, Respondents shall either: (1) provide Bacciarini Nunez with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Bacciarini Nunez's continued detention; or (2) release Bacciarini Nunez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before September 11, 2026**, Respondents shall **FILE** notice informing the Court whether Bacciarini Nunez has been released from custody. If Bacciarini Nunez has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Bacciarini Nunez is released from custody, Respondents shall **RETURN** all of his personal property in their custody, without which his liberty interest will be affected, to him upon release. Such property includes, but is not limited to, identification documents.

**There will be no extensions of the September 11, 2026, deadlines**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

[3] As to Bacciarini Nunez's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**SO ORDERED**.

**SIGNED this 4th day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE